UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SAMUEL LEE SMITH JR,

Plaintiff,

CASE NO.: 1:26-cv-20464-DSL

v.

WALMART INC., AND MIAMI-DADE COUNTY,

Defendant.
_______________________________/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, WALMART INC. ("Defendant" or "Walmart"), by and through its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court for an Order dismissing Plaintiff's Complaint [Doc. 1] for failure to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

1. This action originated on February 6, 2026, when Plaintiff filed this lawsuit in the United States District Court for the Southern District of Florida, alleging negligence against Walmart and violations of 42 U.S.C. § 1983 against Miami-Dade County. [Doc. 1].

2. As alleged in the Complaint, on January 23, 2022, Plaintiff Samuel Lee Smith Jr. ("Plaintiff"), an African American male, entered Defendant's store located at 15601 SW 127th Avenue in Miami, Florida to shop for items. [Doc. 1 ¶ 14-15].

3. While shopping, Plaintiff alleges that Walmart employees "racially stereotyped and profiled [him] as a black male," believing he had placed merchandise into a fabric bag he was carrying. Plaintiff proceeded to a nearby register, paid for his items, and waited to leave the store. [Doc. 1 ¶ 17-18; 21].

4. According to the Complaint, Walmart hired an off-duty Miami-Dade Police Department officer to perform security at the store. While Plaintiff was waiting in line to pay for his items', said officer was staring at him. [Doc. 1 ¶ 19; 21].

5. The Complaint alleges Walmart employees informed the officer that Plaintiff had placed items into his bag. The officer watched Plaintiff, blocked his exit after checkout, grabbed his arm, and detained him. The officer took Plaintiff to a private room, removed his bag from his shoulder, and performed a search without Plaintiff's consent where no stolen items were found. [Doc. 1 ¶ 21-26].

6. After leaving the store, Plaintiff contacted the Miami-Dade Police Department to report the incident. Officers were dispatched, and according to the Complaint, an offense incident report was generated that identified Plaintiff by name and referenced that he had attempted to shoplift. Plaintiff asserts that the report

contained inaccurate information and that the Police did not generate a police report. [Doc. 1 ¶ 27-33].

7. Plaintiff further alleges that he was informed he had "trespassed" and could not return to that the Walmart location. [Doc. 1 ¶ 34].

8. Plaintiff makes vague and conclusory statements in feeble support of his allegations. Aside from his bare assertion that he was "racially stereotyped and profiled by Walmart employee(s) as a black male" [Doc. 1 ¶ 17] and his similarly unsupported claim that Defendant "owed a non-delegable duty… not to racially profile and stereotype him as a shoplifter" [Doc. 1 ¶ 43] , Plaintiff fails to present a scintilla of evidence beyond mere formulaic conclusions akin to if X then Y.

9. Plaintiff presents no statements supporting, or even purporting to support, his legal conclusions that Plaintiff was "racially stereotyped and profiled by Walmart employee(s) as a black male." [Doc. 1 ¶ 17] Count I of Plaintiff's Complaint amounts to nothing more than a formulaic recitation of the elements of negligence, accompanied by blanket statements that Walmart "stereotyped and profiled Plaintiff" or "reported" him for shoplifting, without pleading any facts describing what any Walmart employee actually did or said and a "duty" that does not exist. [Doc. 1 ¶¶ 17, 43–45].


COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

10. As such, Plaintiff's conclusory allegations fail to state a plausible claim and cannot sustain a negligence cause of action and Count I of Plaintiff's Complaint should be dismissed.

## ARGUMENT AND MEMORANDUM OF LAW

### I. Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Consequently, a district court may "insist upon some specificity in [the] pleading before allowing a potentially massive factual controversy to proceed." *Twombly,* 550 U.S. at 558 (quotations omitted).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). However, although a court is required to accept all the allegations contained in the complaint, this principle does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. The Supreme Court has made it clear that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

To escape dismissal, a complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 683 (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.*

## II. Plaintiff Fails to State a Claim for Negligence against Defendant

To state a negligence claim, a plaintiff must allege "a duty, breach of that duty, causation, and damages." *Lake Car Connection, Inc. v. Truist Bank*, 794 F. Supp. 3d 1166, 1169 (M.D. Fla. 2025) (citing *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329,


COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

1339 (11th Cir. 2012)). "The duty element of negligence is a threshold legal question; if no legal duty exists, then no action for negligence may lie." *Id.* (citing *Jenkins v. W.L. Roberts, Inc.*, 851 So. 2d 781, 783 (Fla. Dist. Ct. App. 2003)).

Here, Plaintiff's claim fails at the threshold because it does not and cannot allege any recognizable duty owed by Defendant to Plaintiff. Plaintiff alleges that Walmart owed a "non-delegable duty… not to racially profile and stereotype him as a shoplifter." [Doc. 1 ¶ 43]. However, no such duty exists. Under Florida law, plaintiffs in a negligence action must show that there is a common law or statutory duty of care with respect to the alleged negligent conduct. *Owens-Benniefield v. Nationstar Mortg. LLC*, 258 F. Supp. 3d 1300 (M.D. Fla. 2017). Plaintiff identifies neither. Thus, without a duty, the negligence claim fails because Plaintiff cannot establish breach, causation, or damages attributable to Defendant's conduct. Even assuming arguendo that Plaintiff could establish that Defendant owed it some legal duty, which it cannot, Count I still fails to state a claim for negligence because breach, causation, and damages are not adequately pled.

Regarding the purported breach, Plaintiff does not allege any specific conduct by Defendant that constitutes a breach of a "recognized" duty. Instead, Plaintiff relies on vague, conclusory statements that Walmart "stereotyped and profiled Plaintiff" or "reported" him for shoplifting, without pleading any facts describing what any Walmart employee actually did or said. [Doc. 1 ¶¶ 17, 43–45]. Such

assertions are insufficient under Florida law, which requires ultimate facts, not labels or conclusions. *Iqbal*, 556 U.S. at 678.

As for causation and damages, a plaintiff is entitled to recover only for injury, loss or damages caused by a defendant's negligence. *Pla v. Rierson*, 406 So. 3d 1027, 1035 (Fla. 3d DCA 2025). Here, any alleged damages arise from circumstances wholly unrelated to Defendant's conduct. Because the Complaint fails to link Walmart to the alleged injuries, Plaintiff cannot establish causation or damages.

For the reasons stated above, dismissal of Count I is warranted.

## CONCLUSION

Based on foregoing reasons, Defendant respectfully requests the Court enter an Order dismissing Count 1 of Plaintiff's Complaint for failure to state a claim upon which relief can be granted, together with such other and further relief as the Court deems just and proper.

*[CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE]*

DATED this 12th day of March, 2024

Respectfully submitted,

***/s/ Gabriela S. Lazaro***
MICHELE M. MORALES
**LEAD COUNSEL**
Florida Bar No: 452149
GABRIELA S. LAZARO
Florida Bar No: 123588
COLE, SCOTT & KISSANE, P.A.
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
Primary Email:
Michele.Morales@csklegal.com
Secondary Email:
Gabriela.Lazaro@csklegal.com
Secondary Email:
Lina.Balseiro@csklegal.com
Telephone: (321) 972-0028
Facsimile: (321) 972-0099
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th of March, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel of Record.

***/s/ Gabriela S. Lazaro***